WO                                                                                    SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Joshua Daniel Smith,

                Plaintiff,

v.

Doug Schuster, et al.,

                Defendants.

No.   CV 20-08141-PCT-MTL (JFM)

**ORDER**

On June 15, 2020, Plaintiff Joshua Daniel Smith, who was then-confined in the Mohave County Jail in Kingman, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not pay the $350.00 civil action filing fee and $50.00 administrative fee or file an Application to Proceed In Forma Pauperis (Non-Habeas).  In a June 23, 2020 Order, the Court granted Plaintiff 30 days to pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis (Non-Habeas) (Doc. 3).  On June 29, 2020, Plaintiff filed an Application to Proceed In Forma Pauperis (Habeas) (Doc. 4) and an inmate trust account statement (Doc. 5).  Plaintiff included an explanation indicating that his Application to Proceed In Forma Pauperis (Non-Habeas) was mistakenly filed in his habeas corpus case, *Smith v. Unknown*, CV 20-08125-PCT-MTL (JFM).[1]  The Court ordered the Application to Proceed In Forma Pauperis

---

[1]  In that case, the Court denied the non-habeas Application to Proceed because the wrong form had been used.  *Smith*, CV 20-08125, Doc. 7.

JDDL

(Habeas) (Doc. 4) filed in this case to be re-docketed in CV 20-08125-PCT-MTL (JFM). In an Order filed in CV 20-08125, the Court ordered the non-habeas Application to Proceed filed in that case, Doc. 5, be re-docketed in this case, which occurred on July 22, 2020 (Doc. 7).

In seeking leave to proceed in forma pauperis, Plaintiff used the court-approved Application to Proceed In Forma Pauperis for use by prisoners (Doc. 7).  On August 10, 2020, Plaintiff filed a Notice of Change of Address (Doc. 9) indicating he is no longer in custody.[2]  Because Plaintiff had been released since he filed his prisoner Application to Proceed In Forma Pauperis, the Court denied his prisoner Application to Proceed and granted him 30 days to file a *non*-prisoner application to proceed in forma pauperis.

Plaintiff filed a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs, which was granted.  The Court dismissed the Complaint with leave to amend.  Plaintiff has filed a First Amended Complaint (Doc. 13).  The Court will dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of In Forma Pauperis Complaints**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

---

[2] As discussed below, Plaintiff was subsequently charged again in Mohave County Superior Court but is not currently in custody.

JDDL

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

## II.    First Amended Complaint

In his one-count First Amended Complaint, Plaintiff alleges a violation of due process. Plaintiff sues Kingman Police Detective Heath Mosby and Deputy Mohave County Attorney Jacob Cote. Plaintiff seeks compensatory and punitive relief.

The following background is relevant to Plaintiff's claim:

From April 16, 2014 until June 2016, Plaintiff was a federal pretrial detainee confined in the Southern Nevada Detention Center in Pahrump, Nevada. *See United States*

*v. Smith*, CR 14-00052 (D. Nev. Apr. 17, 2014), Docs. 21, 26, 27.[3]  On March 24, 2015, Kingman Police Detective Heath Mosby interviewed Plaintiff in Pahrump in connection with a criminal investigation of an offense committed in Mohave County, Arizona. Plaintiff was not contacted further about that investigation or offense during the pendency of his federal criminal case.  On June 1, 2016, Plaintiff was sentenced in his federal criminal case to a 70-month term of imprisonment followed by lifetime supervised release.  *Smith*, CR 14-00052, Doc. 73.  On July 2, 2018, Plaintiff's supervised release terms were modified to transfer supervision to the Middle District of Florida, where Plaintiff had family.  *Id.*, Doc. 80.

On May 6, 2019, shortly before the expiration of Plaintiff's federal criminal sentence, Plaintiff received a "Detainer Action Letter" informing him that a detainer had been lodged against him by the Mohave County Sheriff's Office (MCSO) concerning Mohave County Superior Court case# CR 2015-761.[4]  On May 14, 2019, upon Plaintiff's release from a federal prison in California, Long Beach Police arrested him on a Mohave County felony fugitive warrant.[5]  Plaintiff was extradited to Arizona and booked into the Mohave County jail on May 22, 2019.  The next day, May 23, 2019, Plaintiff was arraigned in the Mohave County case.  Plaintiff was detained until August 2020, when Deputy County Attorney Cote dismissed CR 2015-761, without prejudice, after having failed to timely seek admission of Rule 404(c)[6] evidence, specifically, evidence of Plaintiff's federal offense and conviction.  *See Smith*, CV 20-08125, Doc. 14 at 4-5.  Plaintiff does not indicate whether *he* sought dismissal of the case with prejudice or appealed the dismissal without prejudice.

---

[3] Plaintiff entered into a plea agreement, which was filed on October 19, 2015.  *Id.*, Doc. 51.

[4] Plaintiff had been indicted on July 2, 2015.  As noted above, a detainer was not lodged until shortly before Plaintiff's release from federal incarceration.

[5] *See* https://www.bop.gov/inmateloc/, search First Name Joshua, Middle Name Daniel, and Last Name Smith (last accessed Feb. 5, 2021).

[6] Arizona Rules of Evidence.

Plaintiff was released from the Mohave County Jail.  Forty-five days later, Deputy Mohave County Attorney filed a new case against Plaintiff, CR 2020-924, charging him with the same offense as in the dismissed 2015 case.[7]  Plaintiff was served with a summons and arraigned in the case on September 24, 2020.  *See id.*, Doc. 14 at 1.  Although not detained, Plaintiff was ordered to remain in Mohave County until the Mohave County case is resolved.  On October 30, 2020, Plaintiff's criminal defense counsel filed a special action in the Arizona Court of Appeals, case# 1 CA-SA 2020-0228; the Arizona Court of Appeals stayed further proceedings in Plaintiff's Mohave County criminal case pending resolution of the special action.[8]  The Arizona Court of Appeals set a briefing schedule and invited participation by amicus curiae; the case is under advisement.[9]

Plaintiff alleges that Mosby failed to inform him of charges pending in Mohave County against him.  Plaintiff further claims that Mosby's failure to inform him of the charges prevented Plaintiff from submitting an Interstate Agreement on Detainers Act (IADA) demand.  Plaintiff claims that both Mosby and the Mohave County Attorney's Office chose to await the outcome of Plaintiff's federal proceedings so that if he was convicted in his federal case, the federal conviction could be used as Rule 404(c) evidence in Plaintiff's Mohave County case.  Plaintiff contends that Defendant Cote's dismissal of Mohave County Superior Court case, CR 2015-0761, without prejudice, after the Mohave County Superior Court denied Cote's motion for extension of time to seek admission of Rule 404(c) evidence, and the subsequent filing of a new case, CR 2020-0924, on the same charge as in the 2015 case, allowed Cote to seek admission of Rule 404(c) evidence in the new case.  Plaintiff contends Mosby and Cote violated his due process rights.

Plaintiff seemingly claims the delay in lodging the Mohave County detainer until shortly before his release from federal prison violated his due process rights.  Plaintiff

---

[7] The docket for this, and the earlier 2015 case, are not available online.

[8] *See* http://apps.supremecourt.az.gov/aacc/appella/1CA/SA/SA200228.pdf (last accessed Apr. 27, 2021).

[9] *See* n.8, *infra*.

contends that but for the delay in informing him of the Mohave County charge, evidence could have been obtained by a physician from the alleged victim, which would have exonerated Plaintiff.

**III.   Failure to State a Claim**

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).   In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Defendant Mosby**

Plaintiff alleges that Mosby failed to inform him that charges had been filed against him when Mosby interviewed Plaintiff while he was in federal pretrial custody in Nevada. Plaintiff fails to allege facts to support that Mosby in any way violated his constitutional rights.   Accordingly, Mosby will be dismissed.

**B.   Defendant Cote**

Plaintiff also sues Deputy Mohave County Attorney Cote in connection with Plaintiff's prosecution in the 2015 and the 2020 cases.   Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).   Immunity extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to judicial proceedings." *Buckley*, 509 U.S. at 270 (citations omitted); *Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely

immune from liability for failing to investigate accusations before filing charges and for knowing use of false testimony at trial).

Plaintiff's allegations against Cote are solely based on his actions in prosecuting Plaintiff.  As described above, Cote is entitled to absolute prosecutorial immunity for such acts.  Accordingly, Cote will be dismissed.

### C.     Interstate Agreement on Detainers Act

Plaintiff alleges that the failure of Mosby or other Mohave County officials to notify him of the pendency of the Mohave County charges until shortly before Plaintiff's release from federal prison prevented him from submitting a demand for speedy trial on the charges under the IADA.  The IADA is "an interstate compact entered into by 48 states, the United States, and the District of Columbia" that "creates uniform procedures for lodging and executing a *detainer* by one State against a prisoner held in another."  *United States v. Lualemaga*, 280 F.3d 1260, 1262 (9th Cir. 2002).  The United States and Arizona are parties to the IADA.  *See* 18 U.S.C. App. 2; *State v. Galvez*, 150 P.3d 241, 242 (Ariz. Ct. App. 2006).

Under Article III(a) of the IADA, when a criminal justice agency in one party-state lodges a detainer concerning an indictment, information, or criminal complaint pending against a prisoner *serving a sentence* in a different party-state, the prisoner must be brought to trial within 180 days after the prisoner "shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice" of where the prisoner is incarcerated and the prisoner's request for a final disposition of the pending indictment, information, or criminal complaint.  *Id.*, Art. III(a).  Thus, *before* a prisoner can invoke Article III(a) to request a final disposition of a pending indictment, information, or criminal complaint, the prosecuting officer in the state where the indictment, information, or complaint is pending must *first* have lodged a detainer against the prisoner in a different party-state where the prisoner is serving a sentence.  As the Court previously informed Plaintiff, the IADA does not *require* a criminal justice agency or prosecutor in one party-state to lodge a detainer concerning a pending

indictment, information or complaint against a prisoner serving a sentence in a different party-state.[10]   In short, Mohave County officials were not required to lodge a detainer against Plaintiff and, unless or until a detainer was lodged against Plaintiff, he could not invoke the provisions of Article III(a) to request a final disposition of the pending Mohave County charge.  Therefore, Plaintiff fails to state a claim for violation of the IADA.

### D.    Due Process

Plaintiff also asserts the denial of due process.  Generally, statutes of limitation are the primary guarantee against the bringing of overly stale criminal charges.  *United States v. Lovasco*, 431 U.S. 783, 788-89 (1977) (internal citation and punctuation omitted).  Proof of prejudice to the defendant is a necessary, but not alone a sufficient element of a due process claim.  *Id.* at 790.  Due process is only implicated when compelling a defendant to stand trial after the government delayed indictment violates "'fundamental conceptions of justice which lie at the base of our civil and political institutions' and which define 'the community's sense of fair play and decency.'"  *Id.* (citations omitted).  As described in *Pena v. Paramo*, No. CV 16-2076, 2017 WL 2676539, at *5 (C.D. Cal. May 31, 2017) (Report & Recommendation),

> The Ninth Circuit has articulated the standard as a two-prong test requiring (1) a showing of actual, non-speculative prejudice from the delay; and (2) a showing that "the delay, when balanced against the prosecution's reasons for it, offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'"  *United States v. Sherlock*, 962 F.2d 1349, 1353-54 (9th Cir. 1989) (citing *Lovasco*, 431 U.S. at 789).

"Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice."  *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (citation omitted).  A defendant must show both that lost testimony, witnesses, or evidence "meaningfully has impaired his ability to defend

---

[10]  Plaintiff did not begin serving his federal sentence until June 2016.  Thus, even if a detainer had been lodged prior to June 2016, Plaintiff could not have invoked the IADA before June 2016 because he was not serving a sentence in another party-state until then.  Nor is it clear from Plaintiff's allegations whether exculpatory evidence would have then been obtainable.  Plaintiff fails to describe the evidence.

himself" and "[t]he proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to [his] case." *Id.* (quoting *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992)).

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).*Assuming* that damages may be sought for violation of due process stemming from pre-indictment delay, Plaintiff fails to allege *facts* to support that any such delay prior to his indictment in 2015 or reindictment in 2020 actually prejudiced him and violated fundamental conceptions of justice and the community's sense of fair play and decency. Accordingly, Plaintiff fails to allege facts to state a claim for violation of due process.

### E.    Speedy Trial

Plaintiff may also be attempting to assert a violation of the Speedy Trial Clause. The Speedy Trial Clause of the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial," U.S. Const. amend

VI. "[I]t is either formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." *United States v. Marion*, 404 U.S. 307, 320 (1971); *see United States v. MacDonald*, 456 U.S. 1, 6 (1982).  The Speedy Trial Clause does not apply when "no charges are outstanding" against the defendant, including any period during which charges are dismissed by the prosecution before later reinstating them.  *See MacDonald,* 456 U.S. at 7-9.  "[T]he Speedy Trial Clause has no application after the Government, acting in good faith, formally drops charges.  Any undue delay after charges are dismissed, like any delay before charges are filed, must be scrutinized under the Due Process Clause, not the Speedy Trial Clause." *Id.* at 7.

Plaintiff complains of the delay between his indictment in 2015 and his arrest on the charge, or notice of the charge, which he alleges prejudiced his defense.  As discussed above, the prosecutor was not *required* to lodge a detainer against Plaintiff or otherwise notify him of the pendency of the charge.[11]  To the extent that Plaintiff may be attempting to assert a violation of speedy trial rights as to the 2015 case, Plaintiff fails to state a claim because that case has been dismissed.[12]  To the extent that Plaintiff may be attempting to assert a violation of speedy trial rights as to the 2020 case, Plaintiff must present that claim to the state court, and if unsuccessful, seek review in state appellate courts.

**IV.    Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended

---

[11]  Further, the provisions of the IADA would only have applied if a detainer had been lodged *after* Plaintiff began serving his federal sentence.

[12]  Further, Plaintiff does not allege that he either objected to the dismissal of that case without prejudice or appealed the dismissal without prejudice to the Arizona Court of Appeals.  *Cf. Huntsman v. Blades*, No. 1:15cv00057, 2016 WL 755610, at *1 (D. Ida. Feb. 25, 2016) (state court of appeals held it lacked jurisdiction to review speedy trial claim based on dismissal and re-filing of charges where petitioner failed to appeal the dismissal without prejudice).

complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.   Warnings**

**A.   Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

. . . .

### C.   Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 13) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

. . . .

. . . .

. . . .

. . . .

JDDL

1        (3)     The Clerk of Court must mail Plaintiff a court-approved form for filing a

2  civil rights complaint by a prisoner.

3        Dated this 29th day of April, 2021.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4 provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $402.00 ($350.00 filing fee plus $52.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $402 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 12/1/20

Phoenix & Prescott Divisions:    **OR**    Tucson Division:
U.S. District Court Clerk                         U.S. District Court Clerk
U.S. Courthouse, Suite 130                    U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10     405 West Congress Street
Phoenix, Arizona   85003-2119               Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:   _____
Address:_____
               Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint. LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

    1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

    2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

    3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

    You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.   You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)


                    Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

                 Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
            (To be supplied by the Clerk)


**CIVIL RIGHTS COMPLAINT
BY A PRISONER**


☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____ .  The first Defendant is employed
as: _____ at_____.
(Position and Title)                                    (Institution)

2.   Name of second Defendant: _____ .  The second Defendant is employed as:
as: _____ at_____.
(Position and Title)                                    (Institution)

3.   Name of third Defendant: _____ .  The third Defendant is employed
as: _____ at_____.
(Position and Title)                                    (Institution)

4.   Name of fourth Defendant: _____ .  The fourth Defendant is employed
as: _____ at_____.
(Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____ .   Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:   _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:   _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number:   _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
             _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities       ☐ Mail       ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?       ☐ Yes     ☐ No
    b.   Did you submit a request for administrative relief on Count I?       ☐ Yes     ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?       ☐ Yes     ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
    ☐ Basic necessities        ☐ Mail              ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property          ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes      ☐ No
    b.  Did you submit a request for administrative relief on Count II?             ☐ Yes      ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?    ☐ Yes      ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion          ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes          ☐ No
b.   Did you submit a request for administrative relief on Count III?          ☐ Yes          ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes          ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

**E.   REQUEST FOR RELIEF**

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  _____        _____
                              DATE                                         SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)


**ADDITIONAL PAGES**

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.